PEERY *et al.*, *Appellants*, v. HALL AND RICE.

1. **Ejectment**: EQUITABLE ESTOPPEL. The owner of the legal title to real estate, whose deeds had been duly recorded, was *held* estopped to assert such title against one whom he advised and encouraged to buy such property at sheriff's sale, at which he himself was a bidder, to whom after such purchase he surrendered the possession, and who with his knowledge and approval made valuable improvements thereon, and who so purchased and improved, relying upon the assurance of such owner that, if he did so, he would acquire the superior title and would not be troubled by the assertion of any claim on the part of such owner.

2. ——— : ———. The owner of the legal title to real estate, where deeds had been duly recorded, was *held* estopped to assert such title against one who exchanged a house and lot for such real estate with one then in the possession thereof as the apparent owner, who had made valuable improvements thereon with the knowledge and approval of the true owner, from whom the possession had been acquired, and who to facilitate the exchange transferred a deed of trust held by him from such house and lot to such real estate.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

This was an action of ejectment for a lot in the town of Trenton, brought by Peery, Austin and Tindall against Hall and Rice. The answer consisted of a general denial and a plea of equitable estoppel. The land had been twice sold, first under a deed of trust and afterward under an execution issued upon a judgment in a suit to enforce a mechanic's lien. Plaintiffs derived title under the former sale ; defendants under the latter. The deed of trust was executed and recorded after the work, for which the lien was claimed, commenced, but the sale under it took place before the sale under the lien. Pending the suit to enforce the lien the defendant in the suit died, and the suit was revived against his administrator without joining his heirs. The beneficiaries in the deed of trust, who were the plaintiffs

in this suit, were not made parties, and in this suit claimed not to be bound by the judgment and sale thereunder. Upon this branch of the case the trial court found for them.

In support of the plea of equitable estoppel defendant Hall testified substantially as follows: He was one of the attorneys for the plaintiff in the lien suit. While the property was being advertised for sale under the execution plaintiff Peery, who was an attorney at law, called to see witness in relation to the conflicting claims of the parties. Peery said the question involved was one of law and could be settled without suit, and asked to see any authorities witness had to present in support of his claim; that witness showed him a decision, which Peery read and said it settled the question, adding that as plaintiffs had not been made parties to the lien suit he thought they had a right to redeem, but that the judgment was for more than the land was worth, and they, therefore, would not redeem. Witness offered to sell him the judgment, and he offered $500 for it, which witness refused. Witness understood from his talk, and thought he so stated, that plaintiffs would abandon all further claim to the property. Peery was acting as attorney for the administrator of the estate of the defendant in the lien suit and was a creditor of that estate to a large amount. After this conversation and about a week before the sale, Peery and witness had another conversation about the sale, plaintiffs' claim to the property and the title that would pass to the purchaser under the sale. Peery's object in this interview was to devise some means to make the property sell for its full value, so as to leave the other property of the estate to pay the other debts. At this time Peery said more than once that the title under this sale would be superior to plaintiffs' title, and that the purchaser could rest assured that plaintiffs would make no further claim, and talked about getting some one to bid in the property. Witness also conversed with Austin about the sale a few days before it

occurred, and was advised by him to bid, saying that he thought it would be a safe investment, and that witness should buy it in to secure his fee. Austin and Tindall were both present at the sale; Tindall was next to the highest bidder. Witness thought Peery was also present; plaintiffs made no claim at the sale. A few days after the purchase by witness, he had a conversation with Tindall, in which it was agreed that plaintiffs should have the rents up to the 1st day of May, 1874, and witness should have the possession and rents after that date. Witness then told him of his purpose to remodel and improve the property, and of his plan of improvement, and asked his opinion; and he said it was the best thing witness could do. Tindall agreed to notify the tenants that day of the change of ownership, and to pay the rents to witness after the day fixed. That evening he told witness he had given the notice. At this time Tindall said something about plaintiffs' having some claim to the property, and witness again told him of his intention to improve, and said if plaintiffs were going to make any claim, that witness wanted them to do so at once, as witness could not afford to spend more money on the property if plaintiffs were going to give him any trouble. Tindall then told him to go ahead, and plaintiffs would never trouble him. About the time of the purchase, Austin and witness had a talk about making improvements on the property; witness told him of the nature of the improvements and the changes intended to be made, and Austin said he thought it was the best thing witness could do with the property. Witness paid out about $1,000 on these improvements in 1874, and plaintiffs all knew that they were being made.

Rice owned a house in Trenton which he offered witness for the corner house when completed. Austin had a deed of trust on Rice's house which had to be removed before the trade could be made. Witness saw Austin about transferring his deed of trust to this corner building; told him of the proposed trade and asked his advice about

it.   He said it was a good trade, as the building would suit
Rice, and that in order to facilitate the trade, he would
transfer his deed of trust as requested.   There was also a
mortgage to the county on Rice's property which had to
be transferred before the trade could be made.   The county
court requested an abstract of the witness's property and
he got Peery to let him have the use of his abstract books
for the purpose; told him what he wanted with the books
and of the trade; also told Tindall of the proposed trade,
and he said it was a good one; plaintiffs all knew of this
trade before it was closed.   Witness made his improve-
ments in good faith; would not have made them or the
purchase if he had known plaintiffs intended to set up any
claim to the property.

Upon the plea of estoppel the court found for defend-
ants, and gave judgment accordingly.

*Charles A. Winslow* for appellants.

*George Hall* for respondents.

SHERWOOD, C. J.—If the testimony of Hall is worthy
of belief, a clear case of estoppel has arisen even in his
1. EJECTMENT: equi-  favor, and although Hall's testimony conflicts
table estoppel.      with that of the plaintiffs in some respects,
yet it finds corroboration in the testimony of the other
witnesses and some of the circumstances attending the
transaction, and the circuit court having all the witnesses
before it, possessed superior facilities for placing a proper
estimate upon the force, effect and value of the testimony
adduced than we possibly can.   Two of the plaintiffs were
present at the sale under the lien judgment and bid on
the property which Hall bought in.   After the sale, they,
through Peery their co-plaintiff, surrendered possession of
the premises to Hall, and an adjustment of the rents up to
the 1st day of May, 1874, took place, and Hall was to col-
lect the same and account to plaintiffs.   Thereupon, Hall,
thus placed in possession, made valuable improvements on

the premises, and to all intents was the apparent owner. These facts are undisputed, and, standing alone, are of themselves sufficient to raise an estoppel, regardless of any direct promise or representation to that effect.

" The term ' representation ' is used for convenience. * * It is not necessary that there should be an express statement. It is enough that a representation is implied, either from acts, silence or other conduct." Bigelow on Estoppel, 437. But in this case, if the testimony on the part of defendants is to be taken as true, there were terms and expressions of active encouragement used on the part of plaintiffs—terms wholly inconsistent with any subsequent claim of the property thus surrendered by them.*

But were we inclined to leave the question of estoppel as to Hall an open one, there can be no doubt when we come 2. ——: ——. to the case of Rice but that he would be protected against any claim of the plaintiffs. When Rice exchanged his home with Hall for the corner building, Hall was in full possession, having been given possession by plaintiffs themselves, and was acting as owner and making improvements, the plaintiffs living in the vicinity, perhaps in the same town, and making no objections, and one of them, Austin, actively aiding in the exchange, and Tindall and Peery, according to Hall, consenting thereto. If these facts do not operate an estoppel, it would be difficult to imagine any that would so operate. The authorities cited by defendant fully support the position here taken, and judgment affirmed. All concur.

---

*Another case brought by the same plaintiffs against defendant Hall alone was disposed of in the same way. Norton, J., delivering the opinion of the court, said : The case now before us was tried upon the same evidence introduced on the trial of the above case and involves the same questions as to defendant Hall. It was expressly held in that case that his evidence was sufficient to raise an estoppel in defendant Hall's favor, and this ruling necessarily leads to an affirmance of the judgment in this case.